

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JPL:JBD
F. #2023R00495

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 10, 2023

<u>By E-mail and ECF</u>

The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: United States v. Douglas Noel
      <u>Magistrate Docket No. 23-MJ-634</u>

Dear Judge Pollak:

  The defendant Douglas Noel is scheduled to appear before the Court at 2:00 p.m. for his initial appearance, having been charged by complaint with one count of attempted Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The government respectfully submits this letter in support of its application for a permanent order of detention. As described in the complaint, in May and June 2023, the defendant repeatedly contacted individuals he believed to be minor children; asked them to provide him with sexually explicit images of themselves; and discussed meeting those minors in person so that he could sexually abuse them.

  The defendant's crimes did not stop with exploitative and abusive chats. In addition to the conduct described in the complaint, on or about June 28, 2023, the defendant arrived at a hotel room in Nanuet, New York intending to meet a child he had been speaking to over the internet who had identified herself to him as a 13-year-old girl. The defendant brought "Plan B" emergency contraception pills, a vibrator, bathing suits and a camera to the hotel room. Thankfully, the person waiting for him at the hotel room was not a 13-year-old girl, but rather members of a citizen's group that attempts to detect and uncover child sexual predators on the internet. The group called the local police, and the defendant subsequently admitted to police that he intended to meet with a 13-year-old girl.

  Detention is necessary given the nature of the crimes charged, the strong evidence of the defendant's guilt, and most importantly, the danger the defendant poses to vulnerable members of the community.

I. <u>Background</u>

On or about May 1, 2023, law enforcement created an Instagram account that was intended to appear as though it belonged to a 15-year-old girl (the "Undercover Account"). The Undercover Account indicated that the user was a 15-year-old girl in Springfield, Massachusetts; featured several pictures of an undercover female agent that were filtered to make the agent appear younger; and included the hashtags, "#15thbirthday, #teenmodel, #teenfashion and #girl."

The defendant contacted the Undercover Account on or about May 4, 2023, and proceeded, over the next several weeks, to repeatedly ask the user of the Undercover Account to meet him for sex and send him sexually explicit images. Among other things, the defendant wrote to the user of the Undercover Account:

- That he wanted her to come stay with him at his apartment in New York. When the user of the Undercover Account told the defendant that she was only 15 years old, the defendant responded, "I don't mind you being 15. I still think you're gorgeous."
- "Do you want me to teach you about sex and take your virginity?'
- "You could go to the bathroom or your bedroom and take your shirt and bra off and pinch your nipples and take a selfie for me. And if you want to spread your 15-year-old pussy open for me that would turn me on so much. If you wanted to rub your clit for me and say 'fuck my 15 year old pussy with your 45 year old cock daddy' in a little video that would very hot too."
- "I've been thinking about those pictures you took. It's so hot you did that for me. I was thinking you could send them so they would disappear."

On or about June 8, 2023, an undercover officer, posing as the user of the Undercover Account, conducted a live video call with the defendant. The call was recorded. That call provided a clear view of the defendant's face, which law enforcement agents compared to pictures of the defendant from the Department of Motor Vehicles and confirmed that the person was, in fact, the defendant. Among other things, during that call, the defendant asked the undercover officer if she was "nervous about us having sex for the first time" and proceeded to discuss taking naked pictures of the undercover officer when they met up. When the defendant asked the undercover officer what grade she was in, the undercover officer responded that she did not want to tell him. The defendant then responded, "you're afraid that I won't want to have sex with a middle school girl but I do."

A search warrant executed on the defendant's Instagram account revealed that the defendant had attempted to entice or solicit other individuals who at least identified as minor children. For example, in messages with an Instagram user who told the defendant she was a 13-year-old female, the defendant wrote, among other things, "I'd have slid my adult cock into your child pussy at 11 for sure . . . say rape my 13 year old underage pussy with your 44 year old cock . . . I know it's wrong to have sex with 13 year old girls but I'm going

to fill all three of you with my cum . . . I want to make child porn with you." In another chat with an individual who identified herself to the defendant as a 15-year-old female, the defendant wrote, among other things, "Would you want me to touch you when you were 8? . . . May I see you naked beautiful? . . . Would you spread your legs for me so I can use your child pussy."

While the government was investigating the defendant in connection with the criminal conduct described above, it learned that on or about June 28, 2023, the defendant had traveled to a hotel in Nanuet, New York where he had intended to meet with a 13-year-old girl to sexually abuse her. As described above, when the defendant was instead confronted at the hotel by members of a group that attempts to uncover sexual predators of children on the internet, he was carrying emergency contraception, a vibrator, bathing suits, and a camera. Members of the group provided evidence to police that the defendant had engaged in sexually explicit conversations with an account posing as a 13-year-old girl and that he had made plans to meet that 13-year-old girl for sex.

In subsequent interviews with law enforcement, the defendant admitted to traveling to the hotel in Nanuet to meet with a 13-year-old girl. He also admitted to engaging in sexually explicit conversations with girls who represented themselves to be under the age of 18 over the internet.

II.   Legal Standard

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. 18 U.S.C. § 3142(e). A finding of dangerousness must be based on "clear and convincing evidence." See United States v. Williams, 654 Fed. Appx. 3, 3 (2d Cir. 2016) (summary order). A defendant's risk of flight need only be based on a preponderance of the evidence. See United States v. Boustani, 932 F.3d 79, 81 (2d Cir. 2019) (citing United States v. Sabhani, 493 F.3d 63, 75 (2d Cir. 2007)). In meeting its burden, the government is "not…bound by the rules of evidence…and may proceed by proffer." See Williams, 654 Fed. Appx. at 3 (citing United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995)).

Where a defendant is charged under Title 18, United States Code, Section 2251(a) – as in the present case – it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See also United States v. Schulte, No. 21-3113(L), 2020 WL 1316210, at *2 (2d Cir. May 3, 2022) (discussing the presumption of detention in cases involving minor victims). The burden is on the defendant to present evidence that he is not a danger to the community or risk of flight. United States v. Valerio, 9 F. Supp. 3d 283, 287 (E.D.N.Y. 2014) (citing United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among

those weighed by the district court." United States v. Kelly, No. 19-CR-286 (AMD), 2020 WL 2528922, at *1 (E.D.N.Y. May, 15, 2020) (citing Mercedes, 254 F.3d at 436).

In deciding the issue of detention, the Court must consider the four factors specified in the Bail Reform Act: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence in the case; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community.  18 U.S.C. § 3142(g).

III.    The Serious Danger Posed by the Defendant and the Substantial Mandatory Minimum Sentence He Faces Warrant Detention

The statutory presumption found in 18 U.S.C. § 3142(e)(3) is entirely appropriate here given the serious, predatory nature of the defendant's conduct and the strength of the evidence in this case, both of which weigh heavily in favor of detention.

The defendant attempted to prey on multiple people he believed to be minor victims and his actions demonstrate that he is a continuing danger to the community.  The defendant's conduct—which not only included attempting to exploit multiple minor victims over the internet, but actually traveling to meet with and intending to sexually abuse a 13-year-old child—is among the most serious of offenses and requires special consideration. Child sex offenses are "serious crime[s] that threaten[] real, and frequently violent, harm to vulnerable victims." United States v. Reingold, 732 F.3d 204, 217 (2d Cir. 2013); see also United States v. Blackman, No. 22-MJ-272 (GRB), 2020 WL 843735, at *4-5 (E.D.NY. Mar. 22, 2022) (quoting United States v. Williams, 553 U.S. 285, 307 (2008) (discussing the dangers posed by child pornography)). Given the defendant's conduct, which includes targeting multiple victims online and attempting to meet at least one of those victims, even the most stringent of release conditions cannot guard against the danger his conduct poses to the community, particularly children.  See Kelly, 2020 WL 2528922, at *3 (citing United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993) (discussing how modern technology presents the risk that monitoring and protective measures may be circumvented).

Moreover, evidence of the defendant's guilt is strong.  The defendant repeatedly asked undercover officers posing as a 15-year-old girl on Instagram to send him sexually explicit content and discussed having sex with that 15-year-old girl—despite acknowledging that she was a minor child.  The defendant then had a live video call with undercover officers in which his face was clearly visible, leaving no doubt as to his identity. A subsequent search warrant executed on his Instagram account revealed his communications with additional minor victims.  And Instagram records confirmed that he engaged in these conversations using an IP address linked to him and his residence.  The strength of this evidence weighs in favor of detention.  See United States v. Reiner, 486 F. Supp. 2d 393, 397 (E.D.N.Y. 2006) (finding the weight of the evidence in a child pornography case to be strong where images were under the defendant's exclusive control).

The charges in this case also carry a substantial mandatory minimum prison sentence, a factor which further supports pretrial detention.  See United States v. Blanco,

570 Fed. Appx. 76, 77 (2d Cir. 2014) (summary order) (noting that a mandatory minimum sentence is among the factors properly considered during a detention determination). Specifically, the defendant faces a mandatory minimum of 15 years in federal prison in connection with the current charges. See 18 U.S.C. § 2251(e). The reality of the defendant's sentencing exposure creates a risk of flight which weighs heavily against pretrial release. See United States v. English, 629 F.3d 311, 317 (2d Cir. 2011) (affirming the district court's denial of pretrial release based in part on the fact the defendant faced a 20 year mandatory minimum sentence). "Courts in this Circuit routinely find that 'a severe sentence … heighten[s] the risk of flight.'" United States v. Zhang, No. 22-CR-208-4 (CBA), 2022 WL 17420740, at *2 (E.D.N.Y. Aug. 3, 2022) (citing United States v. Dodge, 846 F. Supp. 181, 184-85 (D. Conn. 1994)).

Given the strong evidence that the defendant repeatedly attempted to sexually exploit and abuse minor children and the corresponding sentencing exposure faced by the defendant, no condition or combination of conditions can assure the safety of the community or the defendant's appearance at trial.

IV.   Conclusion

The defendant is a sexual predator who has been taking increasingly dangerous actions that threaten the safety of children in the community. For these reasons, the government respectfully requests that the Court enter an order of permanent detention as to the defendant.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  _____
Joshua B. Dugan
Assistant U.S. Attorney
(718) 254-6407

cc:   Clerk of Court (CLP) (By Email)
      Defense counsel of record (By Email)

5