

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

JBD
F. #2023R00459

November 25, 2024

By ECF

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Douglas Noel
                  Criminal Docket No. 23-320 (PKC)

Dear Judge Chen:

        Pursuant to the Court's November 21, 2024 order in the above-referenced case, the government respectfully writes to oppose the defendant's requested modification to his bail conditions.

        The defendant's conduct—including both repeated attempts to sexually abuse children and at least one known instance of sexually abusing a child—show that he poses a grave danger to the community. Moreover, the defendant's obstructive conduct in this case to date and the very significant sentence he faces in this matter show that he both has the means and motive to flee if given the opportunity to do so. The government therefore believes that any modification to the defendant's bail conditions would pose an unacceptable risk to minor children in the community and to the defendant's returning to court to face trial in this matter. His proposed modification should be denied.

    I.        Relevant Factual & Procedural Background

        As the Court is aware, the defendant is charged with one count of attempted sexual exploitation of children, in violation of Title 18, United States Code, Section 2251(a) and (e). The charged conduct arises from the defendant's communications with an individual he believed to be a 15-year-old girl on social media in May and June 2023. The defendant was actually communicating with an account used by law enforcement as part of an undercover operation (the "Undercover Account"). During those conversations, the defendant, repeatedly asked the user of the Undercover Account to provide him with sexually explicit images and expressed his desire to have sex with underage children.

A judicially authorized search of the defendant's Instagram account revealed other conversations in which the defendant solicited or enticed individuals who appeared to be minor children—including an individual who identified herself as a 13-year-old girl and another who identified herself as a 15-year-old girl.

While the government's investigation was proceeding, the government learned that the defendant had traveled to a hotel in Nanuet, New York on June 28, 2023 where he intended to meet with a person he believed was a 13-year-old girl to sexually abuse her. When the defendant was instead confronted at the hotel by members of a group that attempts to uncover sexual predators of children on the internet, he was found to be carrying emergency contraception, a vibrator, bathing suits and a camera. Law enforcement interviewed the defendant and seized evidence related to the defendant's crimes, including phones and other electronic devices the defendant had brought with him to the intended meeting.

The defendant was arrested and charged in connection with this matter shortly thereafter. He was initially ordered detained. In connection with his arrest, law enforcement obtained a warrant to search the defendant's cell phone. When law enforcement attempted to search the defendant's cell phone, the device's recovery log indicated that it had been "wiped remotely by user" on June 30, 2023, two days after the defendant's devices were seized in Nanuet, New York.

Moreover, after the defendant's arrest, a minor victim ("MV-1") approached law enforcement to discuss the defendant's conduct towards her. Among other things, MV-1 told law enforcement that when she was 14 years old, the defendant climbed into bed with her while he believed she was sleeping. MV-1 then described the defendant's touching her and rubbing himself against her, with his pants off, for approximately 30-40 minutes while she pretended to be asleep. MV-1 also described the defendant's grooming behavior towards her and a friend, including the defendant's creation of a private chat on social media, which he used to discuss sex with MV-1 and that friend.

On June 3, 2024, the Court ordered the defendant released to live with his mother under home incarceration.

II.     The Defendant's Requested Modification Should Be Denied

The defendant now seeks a modification of his bond to allow him either (1) to leave his home for education, employment and other activities approved by pre-trial or (2) to merely be on a curfew. Both requests should be denied.

Because this case involves the sexual abuse and exploitation of minors, there is a presumption that there is no condition or combination of conditions that will protect the community adequately or ensure the defendant's return to court. 18 U.S.C. § 3142(e)(3). In considering the appropriate conditions of release, courts are directed to consider whether the conditions are sufficient to "reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. at (c)(1)(B).

Here, the Court determined that home incarceration was necessary to protect the community and assure the defendant's appearance. Any conditions short of home incarceration would not address the significant risk the defendant poses to children in the community or the risk of flight in this case. Notably, Your Honor imposed home incarceration even before the government proffered evidence relating to the defendant's conduct towards MV-1, which underscores the defendant's determination to prey on young girls, and which might well increase the defendant's already high sentencing exposure at any sentencing.

Permitting the defendant to leave his mother's home to attend classes or work would provide him with an opportunity to interact with potential victims, access devices that could be used to communicate with potential victims, and provide the opportunity to escape, contact witnesses or otherwise obstruct the investigation. The risk in this case is grave, and nothing in the defendant's request would justify revising the Court's prior decision. Indeed, most of the defendant's letter focuses on the reasons why it would benefit <u>him</u> and his family for him to be in the community, and not why the Court and the community could be assured that he can safely be allowed additional freedom. To the extent the defendant describes steps he has taken to mitigate the danger he poses, his letter makes clear on its face that those steps are incomplete.

III.     Conclusion

For the reasons stated above, the defendant's proposed bail modification should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
Joshua B. Dugan
Assistant U.S. Attorney
(718) 254-6144

cc:     Nora Hirozawa, Esq. (By ECF)
Clerk of Court (PKC) (By ECF)